FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 31, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

LENNY B.,

       Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

       Defendant.

No. 2:24-CV-00264-JAG

**ORDER REMANDING FOR FURTHER PROCEEDINGS**

    **BEFORE THE COURT** is Plaintiff's Opening Brief, the Commissioner's Brief in Response, and Plaintiff's Reply.  ECF Nos. 9, 10, 11.  Attorney Chad L. Hatfield represents Lenny B. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline.  ECF No. 2.  After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Plaintiff's Motion for Summary Judgment and

---

[1] Frank Bisignano  became the Commissioner of Social Security May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the Defendant in this suit.  *See* 42 U.S.C. § 405(g).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 1

**DENIES** Defendant's Motion for Summary Judgment and REMANDS for further proceedings.

## I.      JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on February 24, 2021, alleging disability since August 1, 2019 due to Bipolar, Depression, Anxiety, Hallucinations, Insomnia, Panic Attacks, and headaches.  Tr. 63.  Plaintiff's claims were denied initially and on reconsideration.  Administrative Law Judge (ALJ) Jesse Shumway held a hearing on May 30, 2023, and issued an unfavorable decision on July 30, 2023. Tr. 26-48.  The Appeals Council denied review on May 29, 2024.  Tr. 1-6.  The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g).  Plaintiff filed this action for judicial review on July 30, 2024.  ECF No. 1.

## II.      STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here.  Plaintiff was born in July 1974 and was 45 years old on the alleged onset date.  Tr. 41. Plaintiff's past jobs include line cook.  Tr. 32.

## III.      STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes.  *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000).  The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance.  *Id*.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 2

at 1098.  Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971).  If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ.  *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).  If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive.  *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).  Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.  *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled.  20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987).  In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits.  *Tackett*, 180 F.3d at 1098-99.  This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work.  20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy.  *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004).  If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 3

## V.    ADMINISTRATIVE FINDINGS

On July 20, 2023, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act.  Tr. 26-48.

At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 2020.  Tr. 32.

At **step two**, he found Plaintiff had the severe impairments of Mood disorder, panic disorder, antisocial personality disorder, attention deficit hyperactivity disorder ("ADHD"), and post-traumatic stress disorder ("PTSD").  Tr. 33.

At **step three**, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 34.  The ALJ also found that Plaintiff has the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following limitations:

> [H]e is limited to simple, routine tasks; he can have no contact with the public; he can have superficial interaction with coworkers and supervisors with no collaborative tasks; he needs a routine, predictable work environment with no more than occasional changes; and he would be absent from work eight-to-ten days per year.

Tr. 36.

At **step four**, the ALJ found that a finding regarding Plaintiff's capacity for past relevant work is not material because there is insufficient information about the claimant's past work and all potentially applicable Medical-Vocational Guidelines would direct a finding of "not disabled" given the individual's age, education, and residual functional capacity.  Tr. 41.

At **step five**, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 4

national economy, including the jobs of hand packager, dishwasher, and janitor. Tr. 47

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 42.

### VI.    ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends that the ALJ erred by:  (1) improperly evaluating the medical opinion evidence; (2) rejecting Plaintiff's severe impairments of mild intellectual disability and schizophrenia as groundless at step two; (3) failing to conduct an adequate step three evaluation and failing to find the claimant disabled as meeting or equaling Listings 12.03, 12.04, 12.05, 12.06, 12.08, 12.11, and 12.15; (4) rejecting Plaintiff's subjective complaints and the lay witness statements of his former employers; and (5) falling to conduct an adequate analysis at step five.  ECF No. 9 at 3.

### VII.    DISCUSSION

**A.    <u>Medical Opinions.</u>**

Plaintiff argues the ALJ erred by improperly evaluating the opinions of Debra Brown, Ph.D.; John Arnold Ph.D.; Patrick Metoyer, Ph.D.; and Luci Carstens, Ph.D.  ECF No. 9 at 6-16.  For claims filed on or after March 27, 2017, the ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a) and (b), 416.920c(a) and (b).  The factors for evaluating the persuasiveness of medical opinions and prior administrative findings include supportability, consistency, the source's relationship with the claimant, any

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 5

specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). 20 C.F.R. §§ 404.1520c(c)(1)-(5), 416.920c(c)(1)-(5).

Supportability and consistency are the most important factors, and the ALJ must explain how both factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The ALJ may explain how the ALJ considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.* Supportability and consistency are explained in the regulations:

> (1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

> (2) *Consistency.* The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)-(2), 416.920c(c)(1)-(2).

The Ninth Circuit has addressed the issue of whether the regulatory framework displaces the longstanding case law requiring an ALJ to provide specific and legitimate reasons to reject an examining provider's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022). The Court held that the 2017 regulations eliminate any hierarchy of medical opinions, and the specific and legitimate standard no longer applies. *Id.* at 788-89, 792. The Court reasoned the "relationship factors" remain relevant under the new regulations, and thus the ALJ can still consider the length and purpose of the treatment relationship, the frequency of examinations, the kinds and extent of examinations that the medical

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 6

source has performed or ordered from specialists, and whether the medical source has examined the claimant or merely reviewed the claimant's records. *Id.* at 790, 792. Even under the new regulations, an ALJ must provide an explanation supported by substantial evidence when rejecting an examining or treating doctor's opinion as unsupported or inconsistent. *Id*. at 792.

### 1. *Debra Brown, Ph.D.:*

Dr. Brown was the psychologist that examined claimant on December 24, 2013, and January 7, 2014. Dr. Brown conducted an examination and administered several tests, including the Wechler IQ test, WAIS-IV. Tr. 404-413. Dr. Brown's testing found claimant's Full-Scale IQ (FSIQ) to be 61. Tr. 410. Dr. Brown also conducted the Rey Test of Malingering where claimant "completed 12 of 15 items successfully, indicating he was not feigning memory loss." Tr. 409.

Claimant argues the ALJ committed harmful legal error by rejecting Dr. Brown's findings as unsupported by the record. ECF No. 9 at 6-9. The ALJ was unpersuaded by Dr. Brown's findings for the following reasons: 1) the opinion was several years prior to the alleged onset date, 2) Dr. Brown's note that claimant may not have given his best effort on cognitive testing, 3) Dr. Brown's inclusion of rule out malingering in the diagnosis, and 4) inconsistency with the record. Tr. 40-41.

Though Dr. Brown's assessment occurred prior to the alleged onset date, it must still be considered. While medical opinions predating an alleged onset date may be of limited relevance, the ALJ must still consider all medical evidence. "Medical opinions that predate the alleged onset of disability are of limited relevance." *Carmickle v. Comm'r of Soc. Sec. Admin.,* 533 F.3d 1155, 1165 (9th Cir.2008). "However, it is clear from our precedent and the Social Security Regulations that '[t]he ALJ must consider all medical opinion evidence.'" *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008); *Smolen v. Chater,* 80 F.3d 1273, 1282 (9th Cir.1996) (ALJ errs in completely ignoring medical

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 7

evidence); 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 20 C.F.R. § 404.1527(c) ("Regardless of its source, we will evaluate every medical opinion we receive."). Further, this medical evidence concerns IQ testing, which is generally considered stable and current after the age of 16. (POMS DI 24583.055; https://secure.ssa.gov/poms.nsf/lnx/0424583055). Though it is within an ALJ's authority to determine if an IQ score is invalid (*see Thresher v. Astrue*, 283 F. App'x 473, 475 (9th Cir. 2008)(finding an ALJ may decide an IQ score is invalid and remanding for clarification)), here, the ALJ did not find the IQ score to be invalid but discounted the evidence due to the exam taking place prior to the alleged onset. In this case, the IQ test was administered when claimant was 39 years old, and an IQ test is considered valid after the age of 16, therefore it can be deemed relevant to claimant's mental status during the relevant period of issue absent a finding by the ALJ that the score is invalid. On remand, the ALJ shall consider the validity of Dr. Brown's IQ test results and assess the relevance of the results in consideration of the record as a whole.

The ALJ did not find Dr. Brown's opinion persuasive in part because it is not consistent with current evidence in the record concerning the claimant's overall improvement with routine and conservative treatment. Tr. 401. The ALJ's reasoning is not supported by substantial evidence. The ALJ failed to provide proper reasons for discounting Dr. Brown's opinion and did not discuss the consistency of Dr. Brown's opinion with other medical opinions, specifically Dr. Arnold's, Dr. Metoyer's, and Dr. Carstens' opinions. The ALJ also failed to provide specific reasoning and examples as to why he found Dr. Brown's opinion inconsistent with the record as a whole. The ALJ is further ordered to reconsider

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 8

Dr. Brown's opinion in light of the record as a whole, considering the consistency of Dr. Brown's opinion with other medical opinions.

### 2.    *John Arnold, Ph.D.:*

The ALJ did not find Dr. Arnold's opinion persuasive.  Tr. 39-40.  The ALJ stated Dr. Arnold only examined the claimant one time and did not review all of claimant's medical evidence and was therefore not supported by a longitudinal picture of the claimant's medical history, but relied heavily on the subject reports of claimant.  Tr. 39-40.  The ALJ further found Dr. Arnold's opinion to be unsupported by his own findings and observations and was inconsistent with the record as a whole. Tr. 40.

The finding that Dr. Arnold relied heavily on the subject reports of the claimant is not supported by the record.  Dr. Arnold is a clinical psychologist, who performed an exam, including history and mental status exam, as well as psychological testing.  Dr. Arnold made clinical findings, completed an MSE, and specifically included review of other medical records, in addition to considering self-reports by claimant.  Tr. 548-556.  Dr. Arnold included the following under the heading "Diagnostic Impression":

- Cyclothymic Disorder, currently depressed, Moderate
- Unspecified Anxiety Disorder, with Panic Features, Moderate
- Antisocial Personality Disorder with Borderline and Schizotypal Features, Severe
- Posttraumatic Stress Disorder, Chronic, Moderate
- Alcohol Use Disorder, Severe, in Substantial Remission
- Cannabis Use, Probable Use Disorder
- Mild Intellectual Disorder (by history)
- R/O ADHD

Tr. 553-554.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 9

The conclusion that Dr. Arnold relied primarily on Plaintiff's self-report is not supported by the record. The Ninth Circuit in *Ghanim* contemplated that medical sources rely on self-reports to varying degrees and held that an ALJ may reject a medical source's opinion as based on unreliable self-reports only when the medical source relied "more heavily on a patient's self-reports than on clinical observations." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). There is no indication that Dr. Arnold relied more heavily on Plaintiff's self-reports than clinical observations. The ALJ's rejection of Dr. Arnold's opinion, is therefore, not supported.

The ALJ's finding that Dr. Arnold's opinion is not supported by a longitudinal picture of the claimant's medical history and inconsistent with the record as a whole is not supported by substantial evidence. The ALJ failed to provide proper reasons for discounting Dr. Arnold's opinion and did not discuss the consistency of Dr. Arnold's opinion with other medical opinions, specifically Dr. Brown's, Dr. Metoyer's, and Dr. Carsten's opinions. The ALJ also failed to provide specific reasoning and examples as to why he found Dr. Arnold's opinion inconsistent with the record as a whole. On remand, the ALJ is further ordered to reconsider Dr. Arnold's opinion in light of the record as a whole, considering the consistency of Dr. Arnold's opinion with other medical opinions, and taking into consideration the factors required by the regulations.

### 3. *Dr. Metoyer and Dr. Carstens:*

The ALJ found the opinions of Dr. Metoyer and Dr. Carstens unpersuasive because they "provided no meaningful explanation of the objective evidence to support the extent and severity of limitations assessed in these checkbox type forms." Tr. 40. The use of a check-box form is not a sufficient reason to discount the opinions of Dr. Metoyer and Dr. Carstens. "[T]here is no authority that a

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 10

'check-the-box' form is any less reliable than any other type of form." *Trevizo v. Berryhill*, 871 F.3d 664, 677 n.4 (9th Cir. 2017).

Dr. Metoyer evaluated claimant on November 24, 2021, and conducted a clinical interview, Beck Depression Inventory, Beck Anxiety Inventory, PTSD checklist, and provided an explanation of his findings. Tr. 695. Dr. Metoyer found claimant had marked limitations in: understanding, remembering, and persisting in tasks by following detailed instructions; performing activities within a schedule, maintaining regular attendance, and being punctual within customary tolerances without special supervision; learning new tasks; performing routine tasks without special supervision; adapting to changes in a routine work setting; communicating and performing effectively in a work setting; completing a normal work day and work week without interruptions from psychologically based symptoms; and setting realistic goals and planning independently. Tr. 696. Dr. Metoyer assessed an overall severity rating as marked. Tr. 696.

The ALJ did not find Dr. Metoyer's opinion persuasive because it was expressed in a checkbox form, did not include meaningful explanation of objective evidence, lacked psychometric testing, was based on a one-time examination of the claimant, and appeared to be based heavily on the self-reports of claimant. Tr. 40. Dr. Metoyer is a mental health specialist, who performed an exam, including history and mental status exam, as well as psychological testing. Dr. Metoyer recorded results on psychological tests, including Beck Depression Inventory, Beck Anxiety Inventory, and PTSD checklist. Tr. 695. Dr. Metoyer's evaluation notes included significant notes, as well as explanations for findings. The conclusion that Dr. Metoyer that Dr. Metoyer relied primarily on Plaintiff's self-report, did not include meaningful explanation, and lacked psychometric testing is therefore not supported by the record.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 11

The ALJ did not find Dr. Carsten's opinion persuasive for many of the same reasons, though gave even less reasoning behind this finding. The ALJ found Dr. Carsten's opinion unpersuasive because she used a check-box form and did not provide meaningful explanations. Tr. 40. As noted above, the use of a check-box form is not a sufficient reason to discount Dr. Carsten's opinion. Dr. Carstens conducted a review of medical evidence, specifically the medical reports of Dr. Metoyer. Tr. 700. Dr. Carstens gave explanations as to each of the findings and found Dr. Metoyer's conclusions to be supported by the available documentation. Tr. 700-701. The only conclusion Dr. Carstens disagreed with was the duration the impairment was expected to persist. Dr. Metoyer recommended a duration of 12 plus months, whereas Dr. Carstens found a duration of 24 months to be supported by the overall medical evidence. Tr. 700-701. The conclusion that Dr. Carstens did not provide meaningful explanations is not supported by the record.

Ultimately, the ALJ's findings that the record as a whole is inconsistent with Dr. Metoyer's and Dr. Carstens' opinions is not supported by substantial evidence. The ALJ also erred in citing portions of the record showing milder findings while the longitudinal record showed more mixed results, leading to a characterization of the medical evidence as a whole that is not supported by substantial evidence. On remand, the ALJ is instructed to reconsider Dr. Metoyer's and Dr. Carstens' opinions, taking into consideration the factors required by the regulations and considering the record as a whole.

**B.    Credibility.**

Plaintiff contends that the ALJ erred by finding he lacked credibility. This matter must be remanded for additional proceedings to address the above noted defects in consideration of the medical evidence. *See supra.* Therefore, the Court need not reach this issue. The evaluation of a claimant's symptom statements, and their resulting limitations relies, in part, on the assessment of the medical evidence.

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 12

20 C.F.R. 404.1529(c), 416.929(c); SSR 16-3p. Accordingly, on remand, the ALJ shall also reconsider Plaintiff's statements and testimony with the benefit of the reconsidered medical evidence, and reassess what statements, if any, are not credible and, if deemed not credible, what specific evidence undermines those statements.

## VII.   CONCLUSION

"The decision whether to remand a case for additional evidence, or simply to award benefits is within the discretion of the court." *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987) (citing *Stone v. Heckler*, 761 F.2d 530 (9th Cir. 1985)). When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 880 F.3d 1041, 1045 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014). However, in a number of Social Security cases, the Ninth Circuit has "stated or implied that it would be an abuse of discretion for a district court not to remand for an award of benefits" when three conditions are met. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citations omitted). Under the credit-as-true rule, where (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand, the Court will remand for an award of benefits. *Revels v. Berryhill*, 874 F.3d 648, 668 (9th Cir. 2017).

Plaintiff urges remand for immediate benefits based on the rejection of medical opinions and claimant testimony, ECF Nos. 9, 11. The Court, however,

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 13

finds that further development of the record is required.  As such, the first prong of the credit-as-true doctrine is not met.  Accordingly, the case is remanded for additional proceedings consistent with this Order.

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by substantial evidence and is based on legal error. Accordingly, **IT IS ORDERED**:

1.    Plaintiff's Motion, **ECF No. 9,** is **GRANTED**.

2.    The Commissioner's decision is **REVERSED** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

3.    An application for attorney fees may be filed by separate motion. Judgment shall be entered for PLAINTIFF and the file shall be **CLOSED**.

DATED March 31, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT - 14